IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| PATRICIA AIELLO, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: SAG-11-3177 |
| SUPERVALU, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This Memorandum Opinion addresses Plaintiff Patricia Aiello's Motion to Remand, Paper No. 9; Defendant Steve Perkins's Motion to Dismiss, Paper No. 10, and the oppositions and replies thereto. Plaintiff contends that the case should be remanded to state court for lack of diversity jurisdiction, because Plaintiff and Mr. Perkins are both Maryland residents. Defendants contend that Mr. Perkins was named as a defendant for the sole purpose of defeating jurisdiction, and that the doctrine of fraudulent joinder renders removal appropriate. I find that a hearing is unnecessary in this case. *See* Local Rule 105.6. For the reasons stated herein, Plaintiff's motion will be granted and Defendant's Motion will be denied.

**BACKGROUND**

Plaintiff has alleged the following facts: Plaintiff is a resident of Anne Arundel County, Maryland. (Compl. ¶ 1). Defendants SuperValu, Inc. ("SuperValu") and Shoppers Warehouse Corp. ("Shoppers") are corporations headquartered in Minnesota. (Compl. Caption). Defendant Steve Perkins is also a resident of Maryland. (Compl. Caption). As of September 1, 2008,

Shoppers and SuperValu operated the Shoppers store at 7858 Quarterfield Road in Severn, Maryland ("the store"). (Compl. ¶ 3). Mr. Perkins was the store manager on that date. *Id.*

On September 1, 2008, Plaintiff entered the store to shop. (Compl. ¶ 4). As she was leaving, she slipped and fell on a thick, clear liquid on the floor. (Compl. ¶¶ 5-6). After Plaintiff fell, a young male employee assisted Ms. Aiello, and told her that he had previously cleaned a broken egg from the floor, but must not have cleaned it all up. (Compl. ¶ 7).

Plaintiff alleges that SuperValu, Shoppers, and Mr. Perkins had a duty to maintain and inspect the store to ensure that it was safe for customers. (Compl. ¶¶ 9. 15-16). She alleges that she suffered significant physical injury and mental anguish from the fall, and she demands judgment in the amount of five hundred thousand dollars. (Compl. Pg. 4).

Plaintiff filed her complaint in the Circuit Court for Baltimore City in September, 2011. On November 4, 2011, Defendants served a Notice of Removal to federal court, and the case was removed to this Court on November 7, 2011. (ECF. No. 1). On November 16, 2011, Plaintiff filed a motion to remand the case to state court, and Mr. Perkins filed a motion to dismiss Plaintiff's claims against him.

**I.     Legal Standards**

A federal court may exercise diversity jurisdiction when complete diversity exists, which is defined as "when no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The doctrine of "fraudulent joinder" provides a limited exception to the "complete diversity" requirement. *Id.* A district court can disregard the citizenship of non-diverse defendants where the plaintiff has engaged in "outright fraud in the plaintiff's pleading of jurisdictional facts" or where "there is no possibility that the

plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Id.* at 464 (*quoting Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).[1]

"The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall*, 6 F.3d at 232–33 (*citing Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). The Fourth Circuit has noted that "[t]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999).

The legal standards governing motions for remand also strongly favor Plaintiff's position. In considering a motion for remand, this Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F.Supp. 700, 701-02 (D. Md. 1997) (citations omitted); *see also Mulcahey v. Columbia Organic Chems. Co, Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) ("If federal jurisdiction is doubtful, a remand is necessary."). The high standard demonstrates the reluctance of federal courts "to interfere with matters properly before a state court." *Richardson*, 950 F.Supp at 701-702.

## II.    Defendant's Motion to Dismiss

Mr. Perkins contends that he must be dismissed from the action under the doctrine of fraudulent joinder, because he was added solely to defeat diversity jurisdiction and because there is no possibility that Plaintiff can establish a cause of action against him in state court. However, this case presents what appears to be a matter of first impression under Maryland law. Given the

---

[1] Defendants specifically state that they do not allege actual fraud in the pleading of this matter. In fact, the Fourth Circuit has recognized that "[t]he term 'fraudulent joinder' is a bit misleading, inasmuch as the doctrine requires neither a showing of fraud . . . nor joinder. In fact, it is irrelevant whether the defendants were joined to the case or originally included as defendants." *Mayes,* 198 F.3d at 461 n.8.

lack of governing precedent in the area of managerial premises liability, and the heavy burden faced by movants under the fraudulent joinder standard, Mr. Perkins's motion must be denied.

Maryland courts have decided a series of cases describing the duty of proprietors, store owners, and store operators in maintaining the safety of premises. *See, e.g., Maans v. Giant*, 161 Md. App. 620, 871 A.2d 627 (2005); *Moore v. American Stores Co.*, 169 Md. 541, 550-51, 182 A.436 (1936); *Moulden v. Greenbelt Consumer Serv., Inc.,* 239 Md. 229, 232, 210 A.2d 724 (1965); *Rehn v. Westfield America*, 153 Md. App. 586, 837 A.2d 981 (2003); *Groat v. Wal-Mart Stores, Inc.,* 2010 WL 5391515 (D. Md. Dec. 20, 2010); *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 693 A.2d 370 (1997). None of those cases provides a standard for evaluating a store manager's or employee's liability, because no store managers or employees were named as defendants in any of those cases. The parties have not cited, and this Court has not found, any Maryland cases in which a store manager or employee was named as a defendant in a similar premises liability case. In the absence of any clear legal standard for managerial liability, resolving all questions of fact and law in Plaintiff's favor as this Court must while evaluating fraudulent joinder, this Court cannot find that there is no possibility that Plaintiff would prevail in the Maryland courts.

Cases from federal courts in other jurisdictions do not conclusively establish how Maryland courts would address this issue. In fact, federal cases interpreting Mississippi law illustrate the difficulty that federal courts have in predicting how state courts would handle the issue of managerial liability. *Compare Griffin v. Dolgen Corp., Inc.*, 143 F.Supp.2d 670, 672 (S.D. Miss. 2001) (finding no managerial liability and noting "liability, if any, more properly belongs to the store owner who is in a better position through protections such as insurance to bear the cost of such suits") *with Smith v. Petsmart Inc.*, 278 Fed. Appx. 377, 2008 WL 2062257

(5th Cir. 2008) ("Mississippi law is unclear on the issue of whether a store manager, in addition to a store owner, can be personally liable in premises liability cases . . . However, because we must 'resolve all uncertainties [in the relevant state law] in favor of the non-moving party,' *Cavallini v. State Farm Mut. Auto Ins.,* 44 F.3d 256, 259 (5th Cir.1995), we assume that under Mississippi law a store manager may qualify as a 'person in charge of premises.'").

Viewing the uncertainty in Maryland law in the light most favorable to Plaintiff, if a store manager is treated as a proprietor by the Maryland courts, the allegations in the Complaint establish a possibility of recovery against Mr. Perkins. The fact that SuperValu and Shoppers have relative financial strength and are likely to indemnify Mr. Perkins explains why most plaintiffs do not sue store employees or managers, but it does not preclude Plaintiff from seeking judgment against all of the defendants in this case.

### III. Plaintiff's Motion for Remand

The parties do not dispute that Plaintiff and Mr. Perkins are both Maryland residents. Therefore, because Mr. Perkins has been named as a defendant, and shares common citizenship with Plaintiff, complete diversity is lacking and this Court lacks jurisdiction to consider the matter. *Mayes*, 198 F.3d at 461.

### Conclusion

For the reasons stated, Defendant's Motion to Dismiss will be denied and Plaintiff's motion to remand will be granted. A separate Order will follow.

Dated: December 12, 2011                    /s/
                                            Stephanie A. Gallagher
                                            United States Magistrate Judge